UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

TERRY LAMONT WILSON,

Plaintiff,

v.  CAUSE NO.: 1:18-CV-151-WL-SLC

GRANT COUNTY, et al.,

Defendants.

OPINION AND ORDER

Terry Lamont Wilson, a prisoner without a lawyer, has filed a complaint against Grant County, Grant County Superior Court, and the Grant County Sheriff's Department. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.[1] "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

---

[1] Wilson could have raised this claim in a petition for habeas relief under 28 U.S.C. § 2241 instead of as a civil rights action under 42 U.S.C. § 1983. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 492 (1973). However, for the reasons set forth below, Wilson's claim would fail under either statute.

Wilson asserts that his constitutional right to a speedy trial is being violated because he has been detained for six months without a trial. He seeks money damages and the dismissal of his pending criminal case in State court. The Sixth Amendment guarantees criminal defendants "the right to a speedy and public trial." "The speedy trial right attaches when a defendant is indicted, arrested, or otherwise officially accused." *Hart v. Mannina*, 798 F.3d 578, 596 (7th Cir. 2015). To assess an alleged violation of the right to a speedy trial, courts consider four factors: (1) the length of the delay, (2) the reasons for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) any prejudice the defendant suffered by the delay. *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972). "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* "A delay approaching one year is presumptively prejudicial." *United States v. Arceo*, 535 F.3d 679, 684 (7th Cir. 2008); *United States v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007). Here, Wilson asserts that he was arrested on November 29, 2017, and he filed this complaint on May 20, 2018, for a total delay of about six months. Therefore, Wilson does not state a valid speedy trial claim.

Additionally, even if Wilson had a meritorious claim, he could not obtain the relief he seeks. The doctrine of abstention prohibits federal courts from staying or enjoining pending State court proceedings except under special circumstances. *Younger v. Harris*, 401 U.S. 37, 43 (1971). This means that "federal courts must abstain from enjoining or otherwise interfering in ongoing state court proceedings that are (1) judicial

in nature, (2) involve important state interests, and (3) provide an adequate opportunity to raise the federal claims, as long as (4) no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). Because ordering the dismissal of Wilson's State criminal case would interfere with an ongoing State court proceeding, he cannot obtain such relief in federal court. *See Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir. 1979); *Barrett v. Scott*, 2016 WL 3661103, at *2 (C.D. Ill. July 5, 2016). Further, the Supreme Court of the United States has suggested that monetary damages are not available for speedy trial violations. *See e.g., Betterman v. Montana*, 136 S. Ct. 1609, 1615 (2016) ("The sole remedy for a violation of the speedy trial right [is the] dismissal of the charges"); *Strunk v. United States*, 412 U.S. 434, 439 (1973); *Barker v. Wingo*, 407 U.S. 514, 522 (1972); *but see Hart v. Mannina*, 798 F.3d 578, 595 (7th Cir. 2015) (declining to the address the issue).

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim upon which relief can be granted.

SO ORDERED on June 4, 2018.

s/William C. Lee
Judge William C. Lee
United States District Court